UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAMMY K.,

              Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

6:15-CV-0871
(GTS/TWD)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OLINSKY LAW GROUP<br>  Counsel for Plaintiff<br>300 S. State Street<br>Suite 420<br>Syracuse, NY 13202 | HOWARD D. OLINSKY, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF REGIONAL GENERAL COUNSEL<br>  Counsel for Defendant<br>26 Federal Plaza, Room 3904<br>New York, New York 10278 | KRISTINA D. COHN, ESQ.<br>Special Assistant U.S. Attorney |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Tammy K. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner"), is Plaintiff's motion for attorney's fees and costs in the amount of eight thousand three hundred and sixty-nine dollars ($8,369.00) pursuant to 42 U.S.C. § 406(b). (Dkt. No. 19.) For the reasons stated below, Plaintiff's motion is granted.

**I.      RELEVANT BACKGROUND**

   **A.      Facts and Procedural History**

Because this Decision and Order is intended primarily for the review of the parties, the Court presumes the reader's familiarity with this Court's Order of February 3, 2016, in which the Court approved the parties' stipulation to remand Plaintiff's case to the Social Security Administration for further consideration. (Dkt. No. 14.) As directed, final judgment was entered in favor of Plaintiff on February 4, 2016. (Dkt. No. 15.) Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") on March 14, 2016, and the parties submitted a stipulation for fees and costs in the amount of six thousand seven hundred and seventy-three dollars and sixty-three cents ($6,773.63) on March 17, 2017.[1] (Dkt. Nos. 16, 17.) On March 21, 2016, the Court approved the stipulation. (Dkt. No. 18.) On August 25, 2017, Administrative Law Judge ("ALJ") Jennifer Gale Smith issued a decision fully favorable to Plaintiff, and found her to be disabled from June 8, 2012. (Dkt. No. 19, Attach. 2, at 2-17). On August 18, 2018, the Social Security Administration advised Plaintiff that it was withholding 25% of Plaintiff's past-due benefits for payment of attorney's fees. (Dkt. No. 19, Attach. 1, at ¶ 5 [Olinsky Aff.]; Dkt. No. 19, Attach. 4, at 2.) Plaintiff filed the current motion for attorney's fees pursuant to 42 U.S.C. § 406(b) on February 1, 2019. (Dkt. No. 19.)

   **B.      Briefing on Plaintiff's Motion**

Generally, Plaintiff's counsel argues that he is entitled to an award of attorney's fees in the amount of $8,369.00 pursuant to 42 U.S.C. § 406(b), $6,750.00 of which would be refunded

---

[1]     The stipulation accounted for $6,750.00 in legal fees and $23.63 in costs. (Dkt. No. 19-5, at 2-3 [Stipulation].)

to Plaintiff due to previously awarded EAJA fees. (Dkt. No. 19, Attach. 1, at ¶ 13 [Olinsky Aff.].) He further argues that this amount is far less than the 25% of past-due benefits that is allowable under the statute and provided for in Plaintiff's contingency-fee agreement.[2] (*Id*. at ¶ 4.)

Generally, Defendant indicates that the requested amount, which would result in a *de facto* attorney hourly rate of $292.35, does not appear to be grossly unreasonable.[3] (Dkt. No. 20, at 2 [Def.'s Response Mem. of Law].) Defendant argues, however, that there is a question as to whether Plaintiff's application for attorney's fees is untimely, because it was filed more than four months from the date of the receipt of the notice from the Social Security Administration. (*Id*. at 3-4.) In asserting this argument, Defendant acknowledges that there exist two different standards (one imposing a 14-day period for filing, and the other imposing a reasonable period for filing) applied by various circuit courts and acknowledges that the Second Circuit has not made a determination as to which standard, if either, applies in this Circuit. (*Id.* at 3-4.)

In reply, Plaintiff argues that the Court should find the application timely because (a) there is no clearly established rule of law from the Second Circuit imposing the 14-day deadline, (b) the Commissioner does not cite any cases from this Court applying the 14-day deadline, while numerous cases have imposed the reasonable-time standard, and (c) courts have

---

[2] The full amount of past-due benefits payable to Plaintiff and her children as the result of the approved application is $73,476.00. (Dkt. No. 19, Attach. 1, at ¶ 5 [Olinsky Aff.].) The fees requested pursuant to Section 406(b) are therefore equal to approximately 11.4% of the past-due benefits. Plaintiff's counsel was also awarded $10,000 in fees associated with work at the administrative level, pursuant to 42 U.S.C. § 406(a). (Dkt. No. 19-1, at ¶ 6 [Olinsky Aff.].)

[3] This calculation excludes 7.6 paralegal hours that were also devoted to the case. (Dkt. No. 20, at 2 [Def. Mem. of Law].)

considered applications filed up to six months after receipt of the notice of award to meet the reasonable time standard. (Dkt. No. 23, at 1-3 [Pl.'s Reply Mem. of Law].)

## II. GOVERNING LEGAL STANDARD

Section 406(b) of the Social Security Act states that, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court has held that Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court," but rather "calls for court review of such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). If the fee set by the contingency-fee agreement is within the 25% boundary established by Section 406(b), then "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. For assessing reasonableness of a fee set by a contingency agreement, the Supreme Court noted that multiple factors should be considered, including the character of the representation, the results the representative achieved, and whether the attorney was responsible for delay in the litigation in order to increase fees. *Id.* at 808.

The Second Circuit has noted that contingency-fee agreements ordinarily should be afforded the same deference that the court would afford to any contract between parties where that contract is a "freely negotiated expression of both a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take

4

the case despite the risk of nonpayment." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). District courts therefore must look first to the contingency-fee agreement and reduce the amount specified in that agreement only when it finds the amount to be unreasonable. *Wells*, 907 F.2d at 371. When determining whether the fee is reasonable, the district court "need not make mathematical calculations," but should (a) determine whether the amount requested is within the 25% cap, (b) consider whether there has been fraud or overreaching in making the agreement, and (c) consider whether the amount is so large as to be a windfall to the attorney. *Id.* at 372.

### III. ANALYSIS

After carefully considering Plaintiff's arguments and the applicable case law, the Court awards Plaintiff's counsel the requested $8,369.00 in attorney's fees and costs for the reasons stated in Plaintiff's motion papers. (*See generally* Dkt. No. 19, Attach. 1 [Olinsky Aff.]; Dkt. No. 23 [Pl.'s Reply Memorandum of Law].) To those reasons, the Court adds the following analysis.

Both counsel have recognized that the Second Circuit has not yet decided the question of whether a motion for fees pursuant to Section 406(b) must be filed within 14 days, as motions governed by Fed. R. Civ. P. 54(d)(2)(b) must be filed, or within a reasonable time period, as provided in Fed. R. Civ. P. 60(b)(6). (Dkt. No. 20, at 3-4 [Def. Memorandum of Law]; Dkt. No. 23, at 1-2 [Pl. Reply Memorandum of Law].) A case currently pending before the Second Circuit, *Sinkler v. Berryhill*, 305 F. Supp. 3d 448 (W.D.N.Y. 2018), *appeal docketed*, No. 18-2044 (2d Cir. July 12, 2018), may resolve that question in future cases. Until such resolution, this Court will continue to hold that, even in the event that the 14-day time period applies, it would "strain the bounds of due process to bar Plaintiff from recovering fees given the absence

5

of adequate notice that such a short time limitation existed." *Sarah L. v. Colvin*, 14-CV-0831 (GTS/TWD), 2018 WL 6178486, at *2 (N.D.N.Y. Nov. 27, 2018). Defendant has not identified any case in this District that applied the 14-day deadline. It therefore would not be equitable, under the circumstances, to hold Plaintiff to such a deadline, if it in fact is applicable.

In addition, the approximately four and a half months between the Social Security Administration's notice to Plaintiff and the Section 406(b) application for attorney's fees meets the "reasonable time" standard, as applied in other cases in this Circuit. *See Rita M.B. v. Berryhill*, 16-CV-262 (DEP), 2018 WL 5784101, at *4 (N.D.N.Y. Nov. 5, 2018) (summarizing cases approving fee requests up to six months after notice).

As to the reasonableness of the application itself, the Court finds that (a) the amount requested does not exceed the 25% range allowable by law, (b) there is no evidence or allegation of fraud or overreach in the making of the contingency fee agreement, and (c) the amount is not so large as to constitute a windfall for Plaintiff's attorney. *See Buckley v. Berryhill*, 15-CV-0341, 2018 WL 3368434, at *2-3 (W.D.N.Y. July 10, 2018) (approving a *de facto* hourly rate of $1,000.00); *Karki v. Comm'r of Soc. Sec.*, 13-CV-6395, 2018 WL 1307947, at *2-3 (E.D.N.Y. Mar. 13, 2018) (finding that an hourly rate of $1,066 would constitute a windfall and reducing the amount to $500 per hour for 21.1 hours of work); *Filipkowski v. Barnhart*, 05-CV-1449, 2009 WL 2426008, at *2 (N.D.N.Y. Aug. 6, 2009) (Sharpe, J.) (approving a *de facto* hourly rate of $743.30 for 33.25 hours of work); *Rowell v. Astrue*, 05-CV-1592, 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008) (finding that a fee amounting to an hourly rate of $443.94 per hour was not a windfall); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (S.D.N.Y. 2007) (approving a *de facto* hourly rate of $705.00). The evidence shows that (a) the attorney's efforts on behalf of

Plaintiff were successful, (b) 31.9 hours of attorney time, as well as 7.6 hours of paralegal time, were dedicated to Plaintiff's case before this Court, (c) the case was handled efficiently, and (d) the requested amount is within the range that other courts have found to be reasonable. The Court therefore finds that the amount requested (which would result in a *de facto* attorney hourly rate of $292.35 if the total amount of $8,369.00 were considered) would not constitute a windfall to Plaintiff's counsel.

Plaintiff's counsel has also expressly acknowledged his obligation to refund to Plaintiff the amount of the EAJA fee award received previously, as a condition of this award. This fact, while not determinative, provides additional support to the Court's finding that the application is reasonable.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for attorney's fees and costs (Dkt. No. 19) is **GRANTED**; and it is further

**ORDERED** that Plaintiff is awarded attorney's fees and costs in the amount of **EIGHT THOUSAND THREE HUNDRED SIXTY-NINE DOLLARS ($8,369.00)** pursuant to 42 U.S.C. § 406(b); and it is further

**ORDERED** that, upon receipt of these fees, Plaintiff's attorneys shall refund to Plaintiff the **SIX THOUSAND SEVEN HUNDRED FIFTY DOLLARS** ($6,750.00) in fees obtained pursuant to the EAJA.

Dated: April 11, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge